# EXHIBIT C

Keely E. Duke
ISB #6044; ked@dukescanlan.com
Aubrey D. Lyon
ISB #8380; adl@dukescanlan.com
DUKE SCANLAN & HALL, PLLC
1087 W. River Street, Suite 300
P.O. Box 7387
Boise, Idaho 83707
Telephone (208) 342-3310
Facsimile (208) 342-3299

*Attorneys for Defendants Stanley Black & Decker, Inc. and*
*Black & Decker, Inc. dba Porter-Cable*

IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNEVILLE

| | |
|---|---|
| LUIS A. PONS,<br><br>            Plaintiff,<br><br>vs.<br><br>STANLEY BLACK & DECKER, INC., a<br>Connecticut corporation; BLACK & DECKER (U.S.)<br>Inc., a Maryland corporation, doing business as<br>PORTER-CABLE; and LOWE'S HOME CENTERS,<br>LLC, a North Carolina corporation,<br><br>            Defendants. | Case No.  CV10-20-1507<br><br>**DEFENDANTS STANLEY<br>BLACK & DECKER, INC.'s AND<br>BLACK & DECKER (U.S.) INC.'S<br>FIRST SET OF<br>INTERROGATORIES,<br>REQUESTS FOR PRODUCTION<br>OF DOCUMENTS, AND<br>REQUESTS FOR ADMISSION<br>TO PLAINTIFF** |

**TO:    PLAINTIFF, LUIS PONS AND HIS COUNSEL OF RECORD:**

        Defendants Stanley Black & Decker, Inc. and Black & Decker (U.S.) Inc. (hereinafter

collectively referred to as "Black & Decker") require you to respond to the following

Interrogatories, Requests for Production of Documents, and Requests for Admission in the

**DEFENDANTS STANLEY BLACK & DECKER, INC., AND BLACK & DECKER (U.S.) INC.'S FIRST
SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND
REQUESTS FOR ADMISSION TO PLAINTIFF - 1**

manner described by the Idaho Rules of Civil Procedure.

In answering these Interrogatories, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of your attorneys, accountants, advisors or other persons directly or indirectly employed by or connected with you or your attorneys and anyone else otherwise subject to your control.   In answering these Requests for Production, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives.

If a discovery request has sub-parts, answer each part separately and in full, and do not limit your answer to the interrogatory or request as a whole.  If these discovery requests cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.  With respect to each discovery request, in addition to supplying the information asked for and identifying the specific documents referred to, identify and describe all documents to which you refer in preparing your answers.  These Interrogatories and Requests for Production are continuing and the answers thereto must be supplemented to the maximum extent authorized by law and the applicable rules.

## DEFINITIONS AND INSTRUCTIONS

A.      Each Interrogatory, and subparts thereof, shall be accorded a separate answer.

B.      If you refuse to answer any Interrogatory in whole or in part, describe the basis of your refusal to answer or respond, including any claim of privilege, in sufficient detail so as to permit the Court to adjudicate the validity of your refusal, and identify each statement, communication or document for which a privilege is claimed, specifying:  (a) with respect to communications or statements: (i) the date of the communications or statements; (ii) the names

of persons present; (iii) subject matter; and (iv) the basis on which the privilege or protection is claimed; (b) with respect to documents: (i) the date of the document; (ii) identification by name and job title of each person who wrote, drafted, or assisted in the preparation of the document; (iii) identification by name and job title of each person who received or has custody of the document or copies thereof; (iv) identification by name and job title of each person who has reviewed or had access to the document or copies thereof or to whom any portion of the contents has been communicated; and (v) a brief description of the nature and subject matter of the document.

C.      Whenever in these Interrogatories there is a request to "identify" a person, state: (i) the person's full name; (ii) his or her present or last known residence and business address; (iii) his or her present or last known residence and business telephone number; and (iv) his or her present or last known residence and business telephone number; and (v) his or her present or last known business title or position.

D.      If you object to a portion of any Interrogatory or Request for Production, you are instructed to answer the remainder.

E.      All relevant portions of the Idaho Rules of Civil Procedure are incorporated herein by reference.

F.      The term "communication(s)" as used herein is used in the broadest sense and includes, but is not limited to, the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and the originals and all non-identical copies of all documents, as defined herein, (including, without limitation, inter and intra-office memoranda, meetings, conversations, correspondence, discussions, negotiations, telephone conversations, voicemail messages, e-mail

messages, and other communications) whereby thoughts, opinions or data are transmitted between two or more persons either orally or in writing.

   G. This discovery shall be deemed to be continuing and shall require that you serve and/or produce, in the form of supplementary responses, any information, documents and/or tangible things requested herein which are unavailable to you or of which you are unaware, at the time you submit your responses, but which become available to you, or of which you become aware, up to and including the time of trial.  Similarly, any responses to these Interrogatories which are later found to be incorrect or incomplete or to have become incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary responses.

   H. For the purposes of these Interrogatories and Requests for Production: "Black & Decker" refers to Defendants Stanley Black & Decker, Inc. and Black & Decker (U.S.) Inc., as well as their agents and attorneys acting on their behalf.

   I. "You" and "your" shall be construed, as the context may require, as Luis Pons.

   J. "Plaintiff" refers to Plaintiff Luis Pons.

   K. The terms "Grinder" shall mean and refer to the product which is allegedly involved in the incident described in the Complaint.

   L. "Claim" or "Claims" refers to the event involving the Grinder identified in Plaintiff's Complaint.

   M. The term "Incident" shall mean the subject of each Claim.

   N. "Complaint" refers to the lawsuit filed by the Plaintiff against Black & Decker.

   O. "And" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all responses which might otherwise

be construed to be outside their scope.

P.      "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each."  Similarly, "any" shall be construed to include the word "all," and "all" shall be construed to include the word "any."

Q.      Words importing the present tense shall be construed to include the past tense, and vice versa.

R.      Words importing the singular form shall be construed to include the plural form, and vice versa.

## INTERROGATORIES

INTERROGATORY NO. 1:  State the full name and address of each person providing answers or information in response to these interrogatories and to the requests for production and requests for admission concurrently served with these interrogatories.

INTERROGATORY NO. 2:  Please identify any person known to you or your attorneys, as having knowledge of relevant facts pertaining to the above-entitled cause. This includes, but is not limited to, all persons present with Plaintiff at the time of the Incident. Please set forth in summary fashion the facts or information each individual possesses.

INTERROGATORY NO. 3:   Please identify each person you intend to call as a witness, lay or expert, and please state the substance of his or her testimony.

INTERROGATORY NO. 4:  Please identify who selected the subject Grinder for your use.

INTERROGATORY NO. 5:  Please identify who purchased the Grinder for your use, where the Grinder was purchased, and the date the Grinder was purchased.

INTERROGATORY NO. 6:  Did the person(s) identified in your answer to Interrogatory

No. 4 review any advertising material, product literature, test reports, design drawings, or other documents or writings, including any information on any packaging material for the Grinder, generated by Black & Decker when selecting the Grinder?  If so, identify all such documents.

INTERROGATORY NO. 7:  Did the person(s) identified in your answer to Interrogatory No. 5 review any advertising material, product literature, test reports, design drawings, or other documents or writings, including any information on any packaging material for the Grinder, generated by Black & Decker before using the Grinder?  If so, identify all such documents.

INTERROGATORY NO. 8:  Identify all written manuals, instructions, manuals, warnings or other documents or writings, including any information on any packaging material, for the Grinder that you read prior to using the Grinder.  In doing so, please identify what you read and when.

INTERROGATORY NO. 9:  Please state the frequency for which the Grinder was operated and include the following in your answer:  a) by whom, b) on what date(s), c) for what use, and d) whether such operation was documented.

INTERROGATORY NO. 10:  Please set forth a complete description of the alleged incident, including, but not limited to:  (i) the date and time of the incident; (ii) a detailed narrative of why you were using the Grinder and how the alleged incident happened; and (iii) a detailed narrative of your activities beginning 24 hours before the incident through the incident.

INTERROGATORY NO. 11:  Were any pictures or videos taken of the Grinder (including the accessory being used with it at the time) or the workpiece and/or the accident scene at any time, including any testing of the Grinder in question or of the repairs to the Grinder that were made?  If so, state the name and address of the person or person who took said photographs or videos, and also the name and address of the party who has them in his/her

possession at the present time.

INTERROGATORY NO. 12:  Were any pictures or videos taken of any of your injuries allegedly caused by the Grinder at any time? If so, state the name and address of the person or person who took said photographs or videos, and also the name and address of the party who has them in his/her possession at the present time.

INTERROGATORY NO. 13:  Has any repair, maintenance and/or service of any kind ever been performed (by Plaintiff or any other person) to or upon the Grinder?  If so, state:

    (a)    The name and address and employment status of each such person performing any repair, maintenance and/or service;

    (b)    The date upon which each repair, maintenance and/or service performed;

    (c)    Location of where each repair, maintenance and/or service took place;

    (d)    Each specific repair, maintenance and/or service repair performed; and

    (e)    The reason for each such repair, maintenance and/or repair service.

INTERROGATORY NO. 14:  Has the Plaintiff or anyone on the Plaintiff's behalf had the Grinder examined, tested and/or inspected?  If so, state:

    (a)    The name, address, and occupation or profession of the individual performing such examination, inspection and/or test;

    (b)    The purpose for which the Grinder was examined, tested, and/or inspected;

    (c)    The date upon which the Grinder was examined, tested, and/or inspected;

    (d)    Whether as the result of such examination, test and/or inspection, any report or record, oral or written, was prepared or submitted.  If so, for each such report or record state:

        (i)    The name and address of each person giving and receiving it, if oral;

(ii)     The date thereof, the number of pages thereof, each addressee thereof,
The name and address of each person making it and having possession
of it, if written; and

(iii)    The substance of the findings and conclusions of such report.

INTERROGATORY NO. 15:   Has the Plaintiff or anyone on the Plaintiff's behalf
retained any expert witness that is expected to testify at the trial of this case?  If so, as to each
expert please provide the following information:

(a)     All information and documents required to be disclosed pursuant to the Idaho
Rules of Civil Procedure;

(b)     The subject matter on which the expert is expected to testify;

(c)     State the substance of the facts on which the expert is expected to testify;

(d)     State the substance of the opinion as to which the expert is expected to testify;

(d)     Provide a summary of the grounds for each such opinion to which the expert
is expected to testify;

(e)     Describe the research done by each expert respecting the subject of the
claimed Grinder malfunction.

INTERROGATORY NO. 16:   Is it contended that the damage alleged in the complaint
was caused in whole or in part by the Grinder being improperly designed or manufactured?  If
so, state:

(a)     A description of how the Grinder is alleged to be improperly designed or
manufactured.

(b)     When and how each improperly designed or manufactured condition was
manifested;

**DEFENDANTS STANLEY BLACK & DECKER, INC., AND BLACK & DECKER (U.S.) INC.'S FIRST
SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND
REQUESTS FOR ADMISSION TO PLAINTIFF - 8**

(c)     How, where, and in what manner each such improperly designed or manufactured

condition caused or contributed to the alleged damage; and

(d)     Any documentation, writing, or other tangible evidence supporting your

contention that the damage alleged in the complaint was caused in whole or in

part by the Grinder being improperly designed or manufactured.

INTERROGATORY NO. 17:  Is it contended that the damage alleged in the complaint

was caused in whole or in part by any breach of express or implied warranty by Black & Decker?

If so, state:

(a)     The verbatim text of each such warranty;

(b)     The substance of each oral warranty, and the date and place where this

oral warranty was made, along with the name, address and title of the person

making such warranty; and

(c)     The specific manner in which it is alleged that each such warranty was

breached; and

(d)     Any documentation, writing, or other tangible evidence supporting your

contention that the damage alleged in the complaint was caused in whole or in

part by any breach of express or implied warranty by Black & Decker.

INTERROGATORY NO. 18:   Are you contending that there are defects regarding

insufficient warnings or instructions related to the Grinder?  If so, please identify all facts,

documents, or information in support of such claims.

INTERROGATORY NO. 19:  Describe in detail any standards, codes, or regulations that

you contend apply to the Grinder, which you claim to have been violated in connection with the

design, manufacture, or marketing of the Grinder.  (Your description should specify in detail the

precise portion of such standards, codes, or regulations that you contend were violated or not fully met).

INTERROGATORY NO. 20:  Please state whether Plaintiff had any contact with Black & Decker at any time regarding the Grinder and, if yes, please identify when the contact was made, who made the contact, the substance of the contact, and who at Black & Decker was contacted.

INTERROGATORY NO. 21: Please identify and provide a complete itemization of damages, special and general, you seek to recover in this matter.

INTERROGATORY NO. 22: Please identify all damages, including economic and non-economic damages, and the amount thereof, used in your Answer to Request for Admission No. 1.

INTERROGATORY NO. 23:  Please identify each exhibit you intend to use in any deposition in this case and/or at the trial of this matter.

INTERROGATORY NO. 24: Identify each physician, psychiatrist, psychologist, counselor, hospital, clinic, medical center and/or other provider of health care services who you have seen for healthcare treatment or services prior to the Incident.

INTERROGATORY NO. 25:  Identify each physician, psychiatrist, psychologist, counselor, hospital, clinic, medical center and/or other provider of health care services who you have seen for healthcare treatment or services after the Incident.

INTERROGATORY NO. 26:  Please identify all pharmacies used by you in the last 10 years.

INTERROGATORY NO. 27:  Have you made any statements to anyone or obtained any statements from anyone regarding the events described in your Complaint?  If so, please state the

when each statement was made; to whom each statement was made; the contents of each statement; and whether a record of the statement was made.

INTERROGATORY NO. 28:  Please identify all social networking sites you belong to, or have belonged to since March 2017, including but not limited to, Facebook, Instagram, Twitter, and LinkedIn, as well as any blogs.  With respect to each, please state any and all screen names, blog names and/or titles, or other identities you use with respect to each site; your site or blog's full web address; the privacy setting for each site; and the length of time you have been a member of each social networking site or maintained such blog(s).

INTERROGATORY NO. 29:  Are you entitled or eligible to receive Medicare benefits on any basis, or anticipated to become entitled or eligible to receive such benefits during the pendency of this litigation?  If yes, please provide the following: (a) full name; (b) date of birth; (c) gender; and (d) Social Security Number and Medicare Health Insurance Claim Number.

INTERROGATORY NO. 30: Has any governmental program (including but not limited to Medicare or Medicaid) or a private insurer covered any, or a portion of any, medical expenses or other health care costs which you are claiming as damages in this case?  If so, for each expense covered please: (a) identify the payee; (b) identify the medical or other health care for which the coverage was paid; (c) state the date the medical or other health care was provided; (d) state the amount charged by the provider and the amount paid by the governmental program or the private insurer; and (e) the amount(s) of any related lien(s) governmental program or a private insurer will issue against your recovery, if any, in this case.

INTERROGATORY NO. 31: Has the Grinder been used, altered, modified, disassembled, reassembled, repaired and/or serviced by you or anyone else since the Incident? If yes, please identify who did so and explain what was done and when it as done.

**DEFENDANTS STANLEY BLACK & DECKER, INC., AND BLACK & DECKER (U.S.) INC.'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO PLAINTIFF - 11**

INTERROGATORY NO. 32: Identify any and all persons who have had custody of the Grinder (including the accessory on it at the time of the Incident), the workpiece and any other items that may have caused or contributed to the Incident (collectively "the evidence"). For all persons identified, confirm the dates during which they have had custody of the evidence.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:  Please produce a copy of all documents, items or things which you referred to in answering the above interrogatories, including all documents which contain a part or all of each such answer, and all documents which you identified in said answer.

REQUEST FOR PRODUCTION NO. 2:  Please produce a copy of all documents, notes, records, files, statements, bills, diaries, and writings which you contend support your claims.

REQUEST FOR PRODUCTION NO. 3: Please produce copies of all notes, letters, memoranda, calendars, journals, diaries or other documents of whatever kind or form in which you have written down any thought, impression or opinion related to the subject matter of this Lawsuit, including the Incident and injuries and damages you claim as a result of the Incident.

REQUEST FOR PRODUCTION NO. 4:  Please produce all items identified in your answer to Interrogatory No. 6, including but not limited to any advertising material, product literature, test reports, design drawings, or other writings or documents, including any information on any packaging material for the Grinder, generated by Black & Decker that you or whomever selected the Grinder reviewed before selecting the Grinder.

REQUEST FOR PRODUCTION NO. 5:  Please produce any advertising material, product literature, test reports, design drawings, or other writings or documents, including any

information on any packaging material for the Grinder, generated by Black & Decker that you or whomever purchased the Grinder reviewed before purchasing the Grinder.

REQUEST FOR PRODUCTION NO. 6:  Please produce all items identified in your answer to Interrogatory No. 7, including but not limited to any advertising material, product literature, test reports, design drawings, or other writings or documents, including any information on any packaging material for the Grinder generated by Black & Decker before you used the Grinder.

REQUEST FOR PRODUCTION NO. 7:  Please produce all documents evidencing purchase, sale, ordering, procurement and delivery of the Grinder in question.

REQUEST FOR PRODUCTION NO. 8:  Please produce any packaging materials you have related to the Grinder.

REQUEST FOR PRODUCTION NO. 9:  Please produce all documents evidencing communications between you and anyone else relating to the selection, purchase, and/or use of the Grinder.

REQUEST FOR PRODUCTION NO. 10:  Please produce all documents identified in your answer to Interrogatory No. 9, including but not limited to any documentation related to the use of the Grinder at any time prior to or after the alleged incident.

REQUEST FOR PRODUCTION NO. 11:  Please produce full sized digital copies of the photographs and/or videos identified in answer to Interrogatory No. 11.

REQUEST FOR PRODUCTION NO. 12:  Please produce full sized digital copies of the photographs and/or videos identified in answer to Interrogatory No. 12.

**DEFENDANTS STANLEY BLACK & DECKER, INC., AND BLACK & DECKER (U.S.) INC.'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO PLAINTIFF - 13**

REQUEST FOR PRODUCITON NO. 13:  Please produce any photographs, videos, documents, and/or writings or tangible evidence related to any repair, maintenance and/or service of any kind ever been performed  by you and/or any other person) to or upon the Grinder.

REQUEST FOR PRODUCTION NO. 14:  Please produce any photographs, videos, documents, and/or writings or tangible evidence identified in answer to Interrogatory No. 14.

REQUEST FOR PRODUCTION NO. 15:  Please produce any and all photographs, videos, documents, writings, and/or other documentation or tangible evidence reviewed by and/or relied on by any expert identified in your response to Interrogatory No. 15.

REQUEST FOR PRODUCTION NO. 16:  Please produce any photographs, videos, documents, writings, and/or other documentation or tangible evidence identified in your answer to Interrogatory No. 16.

REQUEST FOR PRODUCTION NO. 17:  Please produce any photographs, videos, documents, writings, and/or other documentation or tangible evidence identified in your answer to Interrogatory No. 17.

REQUEST FOR PRODUCTION NO. 18:  Please produce any photographs, videos, documents, writings, and/or other documentation or tangible evidence identified your answer to Interrogatory No. 18.

REQUEST FOR PRODUCTION NO. 19:  Please produce any photographs, videos, documents, writings, and/or other documentation  or tangible evidence supporting your answer to Interrogatory No. 19.

REQUEST FOR PRODUCTION NO. 20:  Please produce any photographs, videos, documents, writings, and/or other documentation or tangible evidence identified in your answer to Interrogatory No. 20.

**DEFENDANTS STANLEY BLACK & DECKER, INC., AND BLACK & DECKER (U.S.) INC.'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO PLAINTIFF - 14**

REQUEST FOR PRODUCTION NO. 21:  Please produce any photographs, videos, documents, writings, and/or other documentation or tangible evidence supporting any claim for your alleged damages that you intend to seek to recover in this matter and as identified in your answer to Interrogatory No. 21.

REQUEST FOR PRODUCITON NO. 22:  If different than the documented identified in your answer to Interrogatory No. 21 and produced in response to Request for Production No. 19, please produce any and all photographs, videos, documents, writings, and/or other documentation or tangible evidence documenting and/or supporting any of your damages identified in answer to Interrogatory No. 22.

REQUEST FOR PRODUCTION NO. 23:  Please produce all documents evidencing communications between you and Black & Decker relating to the Incident and/or any damages you allege were caused by the Incident.

REQUEST FOR PRODUCTION NO. 24:  Please produce all documents you have regarding the investigation of the alleged defects and damages relating to the Grinder.

REQUEST FOR PRODUCTION NO. 25:  Please produce for inspection the Grinder identified in your Complaint, as well as all component parts.

REQUEST FOR PRODUCTION NO. 26:  Please produce for inspection any packaging for the Grinder identified in your Complaint, as well as all component parts packaging.

REQUEST FOR PRODUCTION NO. 27:  Please produce a copy of all statements identified by you in your answer to Interrogatory No. 27.

REQEUST FOR PRODUCTION NO. 28:  Please produce each exhibit you intend to use in any deposition in this case and/or at the trial of this matter.

REQUEST FOR PRODUCTION NO. 29:  Please execute the attached Authorization to Release Medical Records.

REQUEST FOR PRODUCTION NO. 30:  Please produce medical records for all providers identified in response to Interrogatory No. 24.

REQUEST FOR PRODUCTION NO. 31:  Please produce medical records for all providers identified in response to Interrogatory No. 25.

REQUEST FOR PRODUCTION NO. 32:  Please produce a copy of all of your pharmacy records, including but not limited to prescriptions, requests, communications, notes, and inquiries, from pharmacies identified in Interrogatory No. 26.

REQUEST FOR PRODUCTION NO. 33:  Please produce copies of your tax returns for the previous ten years, including all W2s, attachments and worksheets.

REQUEST FOR PRODUCTION NO. 34:  Please produce any photographs and/or video or audiotape recordings in your possession that relate to any matters relevant to this matter, including the Incident or your alleged injuries and damages.

REQUEST FOR PRODUCTION NO. 35:  Please produce a disk with the profile information, content, and photographs from each social networking site identified in answer to Interrogatory No. 28, including all public and private messages sent and/or received by you.  To prevent confusion, by this Request we seek a full electronic download of any online profiles that are identified in Interrogatory No. 28.  For example, Facebook provides a "Download your Account" option under the "Account Settings" menu option that provides the user with a zip file of the complete online profile.  See Romano v. Steelcase, Inc., 30 Misc. 3d 426, 430, 907 N.Y.S. 2d 650, 654 (N.Y. Sup. Ct. 2010).

## REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1: Admit that your claim for any and all damages, including both economic and non-economic damages and including all past, current, and future damages, is for an amount less than $75,000.

REQUEST FOR ADMISSION NO. 2:  Admit that the amount of all damages you will seek at the trial of this matter, including both economic and non-economic damages and including all past, current, and future damages, is for an amount less than $75,000.

REQUEST FOR ADMISSION NO. 3: Admit that you did not enter into a contract with Stanley Black & Decker, Inc. related to the Grinder.

REQUEST FOR ADMISSION NO. 4: Admit that you did not enter into a contract with Black & Decker (U.S.) Inc. related to the Grinder.

Dated this 31st day of March, 2020.

DUKE SCANLAN & HALL, PLLC


By /s/Keely E. Duke
　　Keely E. Duke – Of the Firm
　　Aubrey D. Lyon – Of the Firm
　　*Attorney for Defendants Stanley Black &*
　　*Decker, Inc. and Black & Decker (U.S.) Inc.*
　　*dba Porter-Cable*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 31, 2020, I electronically filed the foregoing document using the iCourt E-File system, which sent a Notice of Electronic Filing to the following persons:

Allen H. Browning
Steve Carpenter
David L. Brown
BROWING LAW
1615 Grandview Drive
Idaho Falls, ID 83402
*Attorneys for Plaintiff*

☐ U.S. Mail, Postage Prepaid
☐ Hand Delivered
☐ Facsimile (208) 542-2711
☒ iCourt/Email
pi.browning.law@gmail.com;
filings.allen.browning.law@gmail.com

/s/ Keely E. Duke
Keely E. Duke
Aubrey D. Lyon

**DEFENDANTS STANLEY BLACK & DECKER, INC., AND BLACK & DECKER (U.S.) INC.'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO PLAINTIFF - 18**